UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEWART JAMES LEBLANC, ET AL**          CIVIL ACTION

**VERSUS**                                 NO:     05-3703

**SEVERAN TRENT SERVICES, INC., ET AL**   SECTION:  "S" (4)

### ORDER

Currently before the Court is a **Motion to Compel Discovery and for Site Inspection (doc. # 30)** heard by expedited hearing on June 16, 2006, and then continued to June 21, 2006.  The plaintiffs, Stewart James Leblanc and his wife Tara Michelle Jones, originally sought an order compelling a site inspection of intervenor's bottle washer for June 15, 2006.  The intervenors, DS Water America, L.P., filed a response.

### I.     Background

The plaintiffs filed this products liability action in the 21st Judicial District Court alleging that LeBlanc was injured while working on an automatic bottle washer manufactured by the defendants, Severan Trent Environmental Services, Inc., and Severan Trent Water Purification, Inc.  The defendants subsequently removed the action to this Court. The intervenors, LeBlanc's employer, then filed a complaint of intervention seeking reimbursement of all workmen's compensation paid to LeBlanc from any judgment he collects from the defendants.

Sometime in March, the plaintiffs began seeking dates for a site inspection of the bottle

washer that is currently being used by the intervenor in Kentwood, Louisiana. At some point, the plaintiffs believed that they had reached an agreement with the intervenor to inspect the bottle washer on June 15, 2006. However, on June 5, 2006, the intervenors indicated that the deposition could not occur because a supervisor, Herbert Broyles, would be unavailable. The plaintiffs then filed the subject motion to compel the site inspection for June 15, 2006.[1]

In the motion, the plaintiffs contended that because the intervenor unilaterally cancelled the site inspection and that because their expert report deadline was June 30, 2006, the Court should order that the inspection be held on June 15, 2006.[2] The plaintiffs also noted that their counsel was in trial the week of June 19 and therefore would not be available for the inspection anytime that week.

In their response motion, the intervenors did not contest that they unilaterally cancelled the inspection. Instead, they contended that it did not object to the plaintiffs' inspection, but because the inspection will impact the production and daily activities of the plant, it requested that both the plaintiffs and the defendants experts inspect the bottle washer on the same day.

## II.     The Hearing

During the hearing, the intervenors and the plaintiffs disagreed about whether an inspection was ever actually set for June 15, 20006. However, all the parties eventually agreed that the inspection by the plaintiffs' expert and the defendants' expert would be held on the same day, but were unable to commit to a particular date. The Court then continued the hearing until June 21,

---

[1] The Court notes that the plaintiffs filed their motion for expedited hearing on June 8, 2006, but due to a clerical error the motion was not delivered to chambers until June 15, after the inspection time requested by the plaintiffs had passed.

[2] The Court notes that on June 16, 2006, the Court ordered the expert deadlines extended by 30 days.

2006 so that each counsel could confer with their clients and experts to determine a date when the parties would be available.

At the June 21, 2006 hearing, the parties agreed to hold the inspection on July 10, 2006. The parties further agreed that the plaintiffs' expert would inspect the bottle washer in the morning and the defendants' expert would insect the bottle washer in the afternoon.

Accordingly,

**IT IS ORDERED THAT** the plaintiffs' **Motion to Compel Discovery and for Site Inspection (doc. # 30)** is **GRANTED in PART** and **DENIED in PART as MOOT**.  The motion is granted to the extent that the inspection shall take place on July 10, 2006, in accordance with the times referenced herein.  The motion is denied to the extent that the plaintiffs sought to have the inspection take place on June 15, 2006.

New Orleans, Louisiana, this 23rd day of June 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**