**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEWART JAMES LEBLANC,** *ET AL.* | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-3703** |
| **SEVERAN TRENT SERVICES, INC.,** *ET AL.* | **SECTION "S" (4)** |

## ORDER AND REASONS

     **IT IS ORDERED** that defendants' motion for partial summary judgment on plaintiffs' claim for punitive damages (Document 25) is hereby **GRANTED**.

**A.**    **Background.**

     Plaintiffs allege that Stewart James Leblanc was injured while working inside a bottle washing machine manufactured by defendants Severan Trent Services, Inc. and Universal Aqua Technologies, Inc.  Plaintiffs sued defendants in state court under the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 *et seq.*, alleging that the washing machine was unreasonably dangerous.  Additionally, plaintiffs alleged that because the washing machine was manufactured

in California, they are entitled to punitive damages under the California Civil Code.[1]

Defendants removed the case based on diversity of citizenship, and have now moved for partial summary judgment on the issue of whether plaintiffs may recover punitive damages.

**B.    Analysis.**

When federal jurisdiction is based on diversity of citizenship, federal courts follow the choice-of-law rules of the forum state. *International Interests, L.P. v. Hardy*, 448 F.3d 303, 306 (5th Cir. 2006). Article 3545 of the Louisiana Civil Code provides the choice-of-law rule for products liability cases:

**Art. 3545.  Products liability**

Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state:  (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.

The  preceding paragraph does not apply if neither the product that caused the injury nor any of the defendant's products of the same type were made available in this state through ordinary commercial channels.

All cases not disposed of by the preceding paragraphs are governed by the other Articles of this Title.

Leblanc sustained his injury in Louisiana, and was domiciled in this state.  However, plaintiffs argue that Article 3545 does not apply because neither the washer nor any of defendants' products are available in Louisiana "through ordinary commercial channels."  As Official Revision Comment (h) to Article 3545 states, plaintiffs bear the burden of proof on this issue:

---

[1]     Plaintiffs concede that the Louisiana Products Liability Act does not provide for exemplary damages.

(h) Foreseeability defense.  In the interest of fairness, the second paragraph of this Article enables a defendant to avoid the application of Louisiana law under this Article if he meets the conditions specified in that paragraph.  **Obviously, the burden of proof would rest with the defendant, but nothing would preclude the plaintiff from voluntarily assuming that burden if this would be to his advantage.**  When this burden is discharged, "the preceding paragraph does not apply" and the particular case must be handled as a non-products case under the other articles of this Title (emphasis added; citation omitted).

Because there is no evidence in the record that defendants' products are not available in ordinary commercial channels, Article 3545 mandates that Louisiana law applies.

Accordingly, defendants' motion for partial summary judgment on plaintiffs' punitive damages claim is granted.

New Orleans, Louisiana this __6th__ day of July, 2006.


_____
**Mary Ann Vial Lemmon**
**United States District Judge**

3