UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEWART JAMES LEBLANC, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:     05-3703** |
| **SEVERAN TRENT SERVICES, INC., ET AL** | **SECTION: "S" (4)** |

### ORDER

Before the Court is a **Motion to Compel Discovery (doc. # 42)** filed by the defendant, Severn Trent Environmental Services, Inc., seeking an order from this Court compelling intervenor, Liberty Mutual Insurance Company, to fully respond to a subponena and request for production of documents propounded on December 20, 2005, and March 31, 2006, respectively.

Liberty filed a timely response. The motion was heard on July 19, 2006.

### I.     Background

The plaintiffs filed this products liability action in the 21st Judicial District Court alleging that LeBlanc was injured while working on an automatic bottle washer manufactured by the defendants, Severn Trent Environmental Services, Inc., and Severn Trent Water Purification, Inc. The defendants subsequently removed the action to this Court. The intervenors, LeBlanc's employer and the employer's insurance company, then filed a complaint of intervention seeking reimbursement of all workmen's compensation paid to LeBlanc from any judgment he collects from the defendants.

Prior to Liberty's intervention, Severn served a subpoena on it seeking all accident or incident reports concerning LeBlanc's July 15, 0024 accident in Liberty's possession. It is not clear from the pleadings whether Liberty made Severn aware that a Field Investigator Third Party Investigation Report existed at that time, or whether Liberty notified Severn of the existence of the Report when it responded to propounded interrogatories and requests for production after intervening in this action. What is clear from the pleadings, however, is that Liberty refused to produce the Report contending that it is privileged, prepared in anticipation of litigation, and is work product. Severn then filed the subject motion to compel seeking the Report.

## II.   Standard of Review

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

FED. R. CIV. P. 26(b)(3). The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation. *Hickman v. Taylor,* 329 U.S. 495 (1947); *Blockbuster Entertainment Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D. La.1992). However, the work privilege is not limited to materials prepared by attorneys. It also affords protection to materials prepared by a "consultant, surety, indemnitor, insurer, or agent." FED. R. CIV. P. 26(b)(3).

However, the doctrine is not an umbrella that shades all materials prepared by a lawyer,

2

or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation. *Piatkowski v. Abdon Callais Offshore, L.L.C.*, 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000). Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir.1982). It also does not extend to the underlying facts relevant to the litigation. *See generally Upjohn*, 449 U.S. at 395-96.

In determining whether a document was made in anticipation of litigation, the primary focus is on the reason or purpose for creating the document. *Beal v. Treasure Chest*, CIV.A.98-0786, 1999 WL 461970, at *3 (E.D. La. July 1, 1999). Factors that courts rely on to determine the primary motivation for the creation of a document include the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance. *Piatkowski*, 2000 WL 1145825, at *2. If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation. *Id.*

If the document comes within the scope of the rule, 'the protection afforded is conditional and may be set aside if the discovering party demonstrates a sufficiently pressing need for the data." *In re Kidder Peabody Sec. Litig.,* 168 F.R.D. 459, 462 (S.D. N.Y. 1996).

**III.   Analysis**

Severn contends that in order for Liberty to avoid production of the report, it must first show that the Report itself is work product. Severn contends that Liberty has not made the required showing and therefore must produce the Report.

Liberty contends that the Report was prepared in anticipation of litigation and is therefore

work product.  In support of its contention, it contends that the only reason it would have to conduct the investigation is to prepare for a possible claim.  Liberty also contends that Severn has not met its burden of showing of undue burden and substantial need for the Report which is work product.

During the hearing, the Court questioned Liberty who prepared the Report, and who directed the Report's preparation.  Liberty indicated that the Report was prepared by a Field Investigator normally retained by Liberty, at the direction of an adjustor.

The Court noted that in order for the Report to be considered work product in anticipation of litigation, *Hickman* requires that it be prepared either by an attorney, or at the direction of an attorney, in anticipation of litigation.  *See Hickman*, 329 U.S. at 510-511; *Blockbuster*, 145 F.R.D. at 403.  In this case, the Report was prepared at the direction of an adjustor in a workmen's compensation case.  Thus, the work product does not apply and Liberty must produce the report.

Accordingly,

**IT IS ORDERED THAT** the Severn's **Motion to Compel Discovery (doc. # 42) is GRANTED.**

New Orleans, Louisiana, this  28th day of July 2006

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**