```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| STEWART JAMES LEBLANC AND<br>HIS WIFE, TARA MICHELLE<br>JONES | CIVIL ACTION |
| VERSUS | NO: 05-3703 |
| SEVERAN TRENT SERVICES, INC.<br>AND UNIVERSAL AQUA<br>TECHNOLOGIES, INC. | SECTION: "S" (4) |

<u>ORDER AND REASONS</u>

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Reconsideration to Set Aside Granting of Partial Summary Judgment and to Continue Motion for Summary Judgment to Allow Discovery is **GRANTED.** (Doc. #47).

## I.  BACKGROUND

Plaintiffs, Stewart J. Leblanc and Tara M. Jones, sued defendants, Severan Trent Services, Inc. and Universal Aqua Technologies, under the Louisiana Products Liability Act, LA. REV. STAT. ANN. § 9:2800.52 *et seq.,* and section 3294 of the California Civil Code.  Plaintiffs allege that Stewart J. Leblanc

was injured while working inside a bottle washing machine manufactured by the defendants, and that because the washing machine was manufactured in California, they are entitled punitive damages under the California Civil Code.

Defendants moved for partial summary judgment on the issue of whether plaintiffs may recovery punitive damages. (Doc. #25). The court granted defendants' motion, determining that there was no evidence in the record that defendants' alleged injury causing machinery was not available in Louisiana through ordinary commercial channels. (Doc. #45).

Plaintiffs seek to set aside the granting of partial summary judgment and to continue defendants' motion to allow further discovery to determine how defendants' product became available in Louisiana.

## II. DISCUSSION

Rule 60(b)(6) of the Federal Rules of Civil Procedure provides that on motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for any reason "justifying relief from the operation of the judgment." Further, under Rule 56(f) of the Federal Rules of Civil Procedure, a court may refuse to grant summary judgment or may grant a continuance if the opposing party is unable to present facts vital to the opposition because discovery is

needed.

Plaintiffs argue that the parties had just begun discovery and that plaintiffs have not had adequate time to specifically determine how the defendants' machinery became available in Louisiana. Defendants argue that, regardless of the amount of time and discovery plaintiffs are given, "this is a fight plaintiffs will never be able to win" because the intent of the statute is that Louisiana law should apply in any case filed within the state, unless the defendant's product has never been in the state.

Article 3545 of the Louisiana Civil Code provides in part:

> Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state:  (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.
>
> The preceding paragraph does not apply if neither the product that caused the injury nor any of the defendant's products of the same type were made available in this state through ordinary commercial channels.

LA. CIV. CODE art. 3545.

Defendants' contention that Louisiana law applies "unless the defendant's product has never been in the state" is an incorrect reading of the article. Article 3545 clearly provides

3

that it does not apply when the defendants' product was not available in Louisiana through ordinary commercial channels.

Plaintiffs' Motion for Reconsideration to Set Aside Granting of Partial Summary Judgment and to Continue Motion for Summary Judgment to Allow Discovery is granted.  The order granting partial summary judgment is set aside, and the hearing on defendants' Motion for Summary Judgment (Doc. #25) is re-set for January 10, 2007.

New Orleans, Louisiana, this __27th__ day of September, 2006.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**