UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEWART JAMES LEBLANC       CIVIL ACTION
AND HIS WIFE, TARA MICHELLE JONES
VERSUS             NO. 05-3703

SEVERAN TRENT SERVICES, INC. AND    SECTION "S" (4)
UNIVERSAL AQUA TECHNOLOGIES, INC.

## ORDER AND REASONS

  **IT IS HEREBY ORDERED** that defendants' Motion For Partial Summary Judgment is **GRANTED.** (Rec. Doc. # 25).

  **IT IS FURTHER ORDERED** that the plaintiffs' Motion to Strike and/or Motion for Partial Summary Judgment on Third Party Fault and Motion in Limine is **DENIED** (Rec. Doc. 93).

## BACKGROUND

  Plaintiffs, Stewart James LeBlanc and Tara Michelle Jones, filed suit under the Louisiana Products Liability Act ("LPLA") against defendants, Severan Trent Services, Inc. and Universal Aqua Technologies, Inc., alleging that Mr. LeBlanc sustained injuries while performing work on an automatic bottle washer manufactured by the defendants. In their petition,[1] the plaintiffs allege that they are entitled to punitive damages under California Civil Code Article 3294 because the defendants manufactured the product in California.

---

[1]Plaintiffs' Petition was originally filed in the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana and was removed to this Court. (Rec. Doc. 1).

The defendants filed a motion for partial summary judgment seeking to dismiss plaintiffs' claims for punitive damages. This Court granted that motion. (Rec. Doc. 45). The plaintiffs requested reconsideration of that Order to allow further discovery (Rec. Doc. 47). This Court granted the motion for reconsideration (Rec. Doc. 77).

Additionally, the plaintiffs filed a motion to strike and/or motion for partial summary judgment on third party fault and motion in limine. Both defendants' motion for partial summary judgment and plaintiffs' motion to strike are now before the Court.

### DISCUSSION

**A.     Defendants' Motion For Partial Summary Judgment.**

Under Louisiana law, plaintiffs have no claims for punitive damages, while California law does provide for punitive damages. This Court must determine which State's law is applicable.

When federal jurisdiction is based on diversity of citizenship, federal courts follow the choice-of-law rules of the forum state. *International Interests, L.P. v. Hardy*, 448 F.3d 303, 306 (5th Cir.2006). The forum state is Louisiana and the choice-of-law rule for product liability cases is found in Article 3545 of the Louisiana Civil Code, which states:

> Delictual and quasi-delictual liability for injury caused by a product, as well as damages, whether compensatory, special, or punitive, are governed by the law of this state: (1) when the injury was sustained in this state by a person domiciled or residing in this state; or (2) when the product was manufactured, produced, or acquired in this state and caused the injury either in this state or in another state to a person domiciled in this state.

> The preceding paragraph does not apply if neither the product that caused the injury nor any of the defendant's products of the same type were made available in this state through ordinary commercial channels.

> All cases not disposed of by the preceding paragraphs are governed

2

by the other Articles of this Title.

Therefore, Article 3545 provides that Louisiana law applies in two circumstances: (1) when the injury was sustained in Louisiana by a person domiciled or residing in Louisiana or (2) when the product was manufactured, produced, or acquired in Louisiana and caused the injury either in Louisiana or in another state to a person domiciled in Louisiana. LeBlanc sustained his injury in Louisiana, and he was domiciled in Louisiana. Therefore, under the general rule provided in Article 3545, Louisiana law applies unless the exception where "neither the product that caused the injury nor any of the defendant's products of the same type were made available in this state through ordinary commercial channels" is applicable. This exception is the focus of plaintiffs' argument in this case.

This issue before this Court is whether the exception applies, or phrased another way, whether the subject machinery was made available in this State through "ordinary commercial channels." It is the plaintiffs' burden to demonstrate that Louisiana law under Article 3545 does not apply.[2] The Plaintiffs argue that it is not appropriate to apply Louisiana law to punitive damages because "the automatic bottle washer was not acquired through ordinary commercial

---

[2]*LeBlanc v. Severan, 2006 WL 1968865,* * 1 (E.D. La. Jul. 6, 2006). This Court's prior order stated, "As Official Revision Comment (h) to Article 3545 states, plaintiffs bear the burden of proof on this issue: (h) Foreseeability defense. In the interest of fairness, the second paragraph of this Article enables a defendant to avoid the application of Louisiana law under this Article if he meets the conditions specified in that paragraph. Obviously, the burden of proof would rest with the defendant, but nothing would preclude the plaintiff from voluntarily assuming that burden if this would be to his advantage. When this burden is discharged, 'the preceding paragraph does not apply' and the particular case must be handled as a non-products case under the other articles of this Title (emphasis added; citation omitted)."

3

channels."[3]

Plaintiffs argue that the bottle washer was a unique machine that was custom designed for this customer and not available in Louisiana.  Plaintiffs further ague that  "[m]aking a product available through ordinary commercial channels means that it should be available for purchase within Louisiana."[4]

This particular product, the bottle washer, was custom-made according to Kentwood's specifications and delivered and partially installed at the Kentwood facilities in Louisiana.  Plaintiffs offer no support for the premise that custom-made products manufactured in another state which are requested by the purchaser and delivered and installed in Louisiana are not "made available in Louisiana through ordinary commercial channels" as contemplated under Article 3545.  Accordingly, Louisiana law applies to this case and defendants' motion for partial summary judgment to dismiss the claim for punitive damages is GRANTED.

**B.     Plaintiffs' Motion to Strike and/or Motion for Partial Summary Judgment on Third-Party Fault and Motion in Limine**.

Plaintiffs move this Court  to strike defendants' affirmative defenses of third-party fault and modifications or alterations of the subject machinery under Federal Rule of Civil Procedure 12(f), arguing that there are no facts or evidence in the record in support of those allegations.

Rule 12(f) of the Federal Rules of Civil Procedure provides that:

[u]pon motion made by a party before responding to a pleading ... the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

---

[3]Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion for Summary Judgement (Rec. Doc. 89), at p. 4.

[4]Plaintiffs' Supplemental Memorandum (Rec. Doc. 89), at p. 4.

Motions to strike a defense as insufficient are not favored by the courts and require that the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045 (5th Cir.1982), *cert. denied,* 459 U.S. 1105 (1983).

The plaintiffs have alleged that there are no facts or evidence in the record to support the affirmative defenses.  Defendants argue that Kentwood water and other third parties share responsibility for the accident.  Defendants present facts and evidence which they believe support their argument.  Accordingly, this Court cannot say that as  matter of law, the affirmative defenses are insufficient.  The plaintiffs' motion to strike and/or motion for partial summary judgment on third-party fault and motion in limine is DENIED.

## CONCLUSION

For the above-stated reasons, defendants' motion for partial summary judgment is **GRANTED** (Rec. Doc. # 25), and the plaintiffs' motion to strike and/or motion for partial summary judgment on third party fault and motion in limine is **DENIED** (Rec. Doc. 93).

New Orleans, Louisiana, this _____2nd_____ day of March, 2007.


_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

5